(No. 3409— )

EDWARD M. BUCHNESS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1941.*

CLAIMANT, pro se.

GEORGE F. BARRETT, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant in his complaint alleges that for the half year of 1937 and the full year 1938 he paid to the Secretary of State a license fee for his 1928 Buick sedan in excess of the amount which he legally should have been required to pay; and therefore asks for a refund in the amount of such overpayment, to wit, the sum of Six Dollars ($6.00).

The Attorney General has moved to dismiss the claim on the ground that the complaint does not allege that the amount sought to be recovered was paid under protest, involuntarily, or under duress or compulsion, nor that the same was not correctly assessed on the basis of information supplied in the application made by claimant.

It is well settled that where a tax or license fee is paid voluntarily, without duress or compulsion, and not under protest, the same cannot be recovered. Where, however, such tax or license fee is paid under a mistake of fact, it is considered to have been paid involuntarily and may be recovered. However, where the tax is correctly computed by the taxing officer on the basis of an application or return filed by the appli-

cant, and the overpayment is the result of inadvertence or mistake on the part of the taxpayer himself, and not on the part of the taxing officer, the payment is not made under a mistake of fact within the legal meaning of those words, and cannot be recovered. (*Western Dairy Co.* vs. *State,* 9 C. C. R. 498; *James B. Emerick* vs. *State,* 9 C. C. R. 510; *Stotlar-Herrin Lumber Company* vs. *State,* 9 C. C. R. 517; *Fried Bell Paper Co.* vs. *State,* 9 C. C. R. 531; *Monarch Fire Insurance Co.* vs. *State,* 9 C. C. R. 538; *Oppenheimer Casing Co.* vs. *State,* 10 C. C. R. 9.)

The complaint does not set forth a state of facts under which we have authority to allow an award, and the motion of the Attorney General to dismiss must be sustained.

Motion to dismiss allowed. Case dismissed.